UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB A. JOHNSTON,

        Plaintiff,

  v.

JAMIE ISAAK,

        Defendant.

CASE NO. 3:24-cv-05270-RAJ-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Washington State Penitentiary, filed a *pro se* form prisoner civil rights complaint alleging that on an unknown date sometime between 2000 and 2002, his half-brother sexually assaulted him while they lived together with their mother. At the time both the Defendant and Plaintiff were minors. By separate order, Plaintiff has been granted to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915A(a), the Court must review Plaintiff's complaint and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

REPORT AND RECOMMENDATION - 1

In his complaint, Plaintiff wrote: "Identify the first right you believe was violated." This indicates the complaint is brought under 42 U.S.C. § 1983 which allows Plaintiff to sue state actors who have violated Plaintiff's federal rights. In support of his claim, Plaintiff alleges that when his half-brother was 11-13 years old, his half-brother sexually assaulted Plaintiff at the home in which they lived with their mother. Plaintiff was about 8-11 years of age at the time. Plaintiff alleges this occurred sometime between 2000 and 2002 but he is unsure of the date. As relief, Plaintiff requests money damages and a written apology from Defendant.

To sustain a § 1983 complaint, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or federal law; and (2) the violation was proximately caused by a person acting under the color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To state a claim under 42 U.S.C. § 1983, Plaintiff must set forth facts establishing the Defendant violated a federal right while acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Thus, § 1983 allows a person to file a federal civil rights lawsuit only against state actors, not just any individual. *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982). The definition of a state actor who acts under color of state law requires the defendant in a § 1983 action to have exercised power 'possessed by virtue of state law and made possible only because the defendant is clothed with the authority of state law. *West v. Atkins*, 487 U.S. 42, 49, (1988).

Here, there is nothing showing Plaintiff's 11 to 13 years old half-brother was a state actor. Rather, Plaintiff alleges his half-brother abused him while they lived together with their mother at their home. Defendant's age at the time of the alleged abuse, and the circumstances of where and how the alleged abuse occurred do not establish state action of any sort and undercuts any inference that state action was involved.

REPORT AND RECOMMENDATION - 2

Because Plaintiff's complaint fails to set forth any facts to state a federal claim for relief under 42 U.S.C. § 1983, the Court recommends the complaint be dismissed with prejudice. The Court also recommends leave to amend be denied. Amendment will not cure the fact that Plaintiff's allegation his half-brother abused him while they lived with their mother is not cognizable under §1983. As amendment would be futile, leave to amend should be denied. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal).

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order.  Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **May 23, 2024.**  The Clerk shall note the matter for **May 24, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 9th day of May, 2024.

　　　　　　　　　　　　　　　　　　　　　BRIAN A. TSUCHIDA
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

e

REPORT AND RECOMMENDATION - 3